Clerk's Copy
FILED
AT ALBUQUERQUE NM
APR 1 3 2000
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HENRY CHAVEZ,

      Plaintiff,

v.      No. CIV-00-0092 LH/LFG

ROBERT J. PERRY, SECRETARY OF
CORRECTIONS, JEFF SERNA,
CLASSIFICATION BUREAU CHIEF,
DONNA M. MARTINEZ, DEPUTY
CLASSIFICATION BUREAU CHIEF,
DONALD DORSEY, WARDEN OF TCDF,
BILL PENNYCUFF, CHIEF OF SECURITY,
RAMIRO E. RODRIGUEZ, WARDEN OF
SECURITY, JOE R. WILLIAMS, SENIOR
WARDEN OF LCCF, PATRICK SNEDEKER,
WARDEN OF SECURITY, BARRY HERTZOG,
WARDEN OF SEGREGATION, AND OTHER
JOHN AND JANE DOE DEFENDANTS,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could



not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff has been transferred to a number of private and state-owned correctional facilities, where he has been subjected to repeated threats and physical assaults by other inmates and guards. Plaintiff asserts that Defendants knew he had enemies throughout the state prison system, and the inmate assaults resulted from Defendants' failure and refusal to keep him in appropriate protective custody. He also alleges he has been denied access to a law library. Plaintiff claims Defendants' conduct violated his constitutional protections under the Eighth and Fourteenth Amendments. The complaint seeks damages and an order requiring that Plaintiff be kept in protective custody at a state facility and provided with access to a law library.

Plaintiff's claim for denial of access to a law library requires that he "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *Id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Plaintiff's §1983 action may not be based on claims of an "abstract, free-standing right to a law library or legal assistance, . . . [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Because the Constitution does not ensure the access

2

requested by Plaintiff, and because Plaintiff does not allege any active interference with his preparation and filing of papers, no relief can be granted on his claim.

Plaintiff's complaint makes no allegations against Defendant Perry affirmatively linking him to the various alleged violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendant in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Plaintiff's claims against Defendant Perry will be dismissed.

Plaintiff's claims against Defendants in their official capacities are barred by the doctrine of sovereign immunity and the Eleventh Amendment. Official capacity claims against employees or officials of the State of New Mexico are equivalent to claims against the State itself, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and are barred by the sovereign immunity to suit enjoyed by the State. *Alden v. Maine*, 527 U.S. 706, ---, 119 S.Ct. 2240, 2246-47 (1999); *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995); *Griess v. Colorado*, 841 F.2d 1042, 1043-44 (10th Cir. 1988). Plaintiff's claims against Defendants in their official capacities will be dismissed as frivolous.

Judgment will be entered on Plaintiff's claims in favor of Defendant Perry and in favor of Defendants Serna, Dorsey, Pennycuff, Rodriguez, Williams, Snedeker, Herzog, and the Doe Defendants in their official capacities. Because these parties are no longer named Defendants, dismissal of claims against them is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956),

3

*quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of these Defendants on Plaintiff's claims. Fed.R.Civ.P. 54(b). Plaintiff will be allowed a reasonable time to identify the Doe Defendants.

IT IS THEREFORE ORDERED that Plaintiff's claim for denial of access to a law library be DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Perry be DISMISSED with prejudice; Plaintiff's claims against Defendants Serna, Martinez, Dorsey, Pennycuff, Rodriguez, Williams, Snedeker, Herzog, and the Doe Defendants in their official capacities will be DISMISSED with prejudice; and a form of judgment will be entered in accordance with this opinion;

IT IS FURTHER ORDERED that the Clerk is directed to issues summonses, with notice and waiver forms, for Defendants Serna, Martinez, Dorsey, Pennycuff, Rodriguez, Williams, Snedeker, and Herzog in their individual capacities.

UNITED STATES DISTRICT JUDGE