IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY CHAVEZ,

        Plaintiff,

vs.                                                     No. CIV 00-92 LH/LFG

ROBERT PERRY, et al.,

        Defendants.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION ON
## CCA DEFENDANTS' MOTION TO DISMISS[1]

        This is a *pro se, in forma pauperis* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff Henry Chavez ("Chavez") is a state inmate who complains that, in the course of a series transfers among various correctional facilities in New Mexico between October 1997 and September 1999, he was subjected to numerous threats, physical assaults, and mistreatment by other inmates and, on one occasion, by prison guards. He sues corrections officials, alleging deprivation of due process in that they failed to provide him with notice and a hearing before transferring him from protective custody into the general prison population, violation of the Eighth Amendment by deliberate indifference to his safety, and a state law claim for intentional infliction of emotional distress. He seeks an injunction and compensatory and punitive damages.

---

[1] Within ten (10) days after a party is served with a copy of this legal analysis and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendations. If no objections are filed, no appellate review will be allowed.

By order dated April 13, 2000, Judge Bruce D. Black dismissed certain claims and parties from the case [Doc. 5]. Defendants Donald Dorsey ("Dorsey"), Bill Pennycuff ("Pennycuff"), and Ramiro E. Rodriguez ("Rodriguez"), styling themselves the "CCA Defendants" because of their employment with Corrections Corporation of American ("CCA"), bring this Motion to Dismiss all claims against them [Doc. 17]. For reasons given below, the motion will be granted in part and denied in part.

## Allegations Against the CCA Defendants

Chavez's allegations against the CCA Defendants come rather early in his lengthy complaint. He alleges as follows:

In February 1998, he was assaulted by another inmate at the Western New Mexico Correctional Facility ("Western"), where he was being held at the time. As a result, he was approved to be transferred back to long term protective custody at the Southern New Mexico Correctional Facility ("Southern"). However, rather than being transferred to Southern, Chavez was sent instead to the Torrance County Detention Facility ("TCDF"), a private facility operated by CCA on contract with Torrance County, New Mexico, to house state inmates. TCDF does not house long term protective custody inmates, as it does not have the staff and facilities to do so. In addition, it houses "extremely violent inmates" (Complaint, ¶¶ 17-20).

Defendant Dorsey is Warden at TCDF, Defendant Pennycuff is Chief of Security at the facility, and Defendant Rodriguez is an Assistant Warden there. Chavez states that, at TCDF, he was "showcased" as a protective custody inmate in front of the general prison population, and that Defendants Dorsey and Pennycuff knew that by housing him in such a manner, he would be subject to harassment and threats to his life from other inmates. (Complaint, ¶ 24).

Because of this "showcasing," Chavez alleges that he was threatened on a daily basis by general population inmates who attempted to break into his housing unit, kicking, yelling, throwing objects and urinating under the doors and through cracks in the walls. Chavez says that he advised Dorsey and Pennycuff of these threats on several occasions and requested that the protective custody unit be moved to a more secure location, but they failed to take steps to provide him adequate protection. (Complaint, ¶¶ 26-28).

Chavez also alleges that he was assaulted twice in the law library at TCDF, once on June 20, 1998, and a second time on July 25, 1998. (Complaint ¶¶ 29-32). He assigns blame for these assaults to Dorsey, who ordered that the library be moved to the main hallway of the facility from a more secure location in the education department; to Rodriguez, who was advised of the first assault and failed both to investigate the first incident and to protect Chavez from the second assault; to Pennycuff, who failed to respond to Chavez's grievances regarding security issues in the library; and to Defendants "John Doe, Sergeant Baca" and "John Doe, Sergeant A. Jaramillo," who photographed Chavez's injuries in the TCDF medical clinic following the assault, and who failed in their duties of keeping the law library secure and assigning an officer to monitor the library while in use by protective custody inmates. (Complaint, ¶¶ 29-34).

Chavez was transferred to the Lea County Correctional Facility ("LCCF") on August 1, 1998 and did not return to TCDF. He alleges in his complaint that he was assaulted at LCCF by inmates and corrections officers; was then transferred to Southern where he was assaulted by gang members; was then transferred to Central New Mexico Correctional Facility ("Central") where he was again assaulted by gang members; was transferred to Western; from there to Southern again; thence to LCCF, where he was assaulted on the transport bus, in his housing unit, and in the shower. At the

time the complaint was filed, Chavez was still incarcerated at LCCF. (Complaint, ¶¶ 39-101). One of his requests for relief is that he be transferred to a facility that provides adequate protective custody.

For causes of action against the CCA Defendants, Chavez asserts that they violated the Eighth Amendment in that they were deliberately indifferent to his safety when they failed to provide adequate protective custody housing and security at TCDF. (Complaint, ¶¶ 107-08, 111-12). He alleges further that their conduct was extreme and outrageous and constituted intentional infliction of emotional distress. (Complaint, ¶114-15).

The CCA Defendants move to dismiss the action against them on grounds that Chavez fails to allege personal involvement by Dorsey, Pennycuff, and Rodriguez, that Chavez fails to state a claim for intentional infliction of emotional distress, and that he fails to state a claim for punitive damages.

## Discussion

A. Standards for Motion to Dismiss

A constitutional claim under § 1983 brought by a prisoner *pro se* should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). The allegations of the complaint must be accepted at face value, for purposes of the motion. Id., at 1526. Although the *pro se* complaint must be liberally construed under this standard, Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992), it will nevertheless be dismissed under Rule 12(b)(6) if it fails to state a legally cognizable claim. *See*, Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992).

B.  Personal Involvement / Deliberate Indifference

Personal participation is an essential allegation in a § 1983 claim.  Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).  Supervisory capacity is not sufficient, by itself, to impose liability; rather, plaintiff must allege that the supervisor knew of and acquiesced in the unconstitutional behavior, or expressly or otherwise "authorized, supervised, or participated in conduct which caused the constitutional deprivation."  Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir. 1990).  Plaintiff must allege an affirmative link between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.  Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997).

Defendants Dorsey, Pennycuff, and Rodriguez argue that Chavez's complaint does not set forth in sufficient particularity their personal involvement, and therefore all claims against them should be dismissed.  Chavez alleges that Dorsey and Pennycuff allowed him to be "showcased" in such a way at TCDF that he was identifiable to the general prison population as a protective custody inmate, thus leaving him open to harassment, threats, and assaults.  He says he was indeed threatened on a daily basis, and Dorsey and Pennycuff were advised of these threats and did nothing to stop them or otherwise to protect Chavez.

He alleges further that Dorsey ordered that the law library be moved from a secure area to one in which protective custody inmates were not protected and, as a result, he was assaulted twice in the library.  He states that Pennycuff was advised of Chavez's concerns regarding security in the library but failed to take any steps to make the library safe.  He says he told notified Rodriguez of the first library assault, but Rodriguez failed to investigate the incident and failed to protect Chavez from the second assault.  These allegations are sufficient to state an Eighth Amendment claim against

5

Dorsey, Pennycuff, and Rodriguez under § 1983.

A prisoner has the right to be reasonably protected from constant threats of violence from other inmates, and a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Id., *quoting* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). To recover on an Eighth Amendment claim for failure to protect, an inmate must allege and prove two elements: (1) that he is incarcerated under conditions posing a substantial risk of serious harm; and (2) that the prison official has a sufficiently culpable state of mind, indicative of deliberate indifference to the inmate's health and safety. Riddle, at 1204; Grimsley v. MacKay, 93 F.3d 676, 680 (10th Cir. 1996).

The deprivation alleged must be, objectively, "sufficiently serious" to warrant judicial intrusion. Farmer, 511 U.S. at 834. Chavez alleges that he was subjected to daily threats against his life, that inmates threw objects at him, urinated on him, and physically assaulted him on two occasions, at least once landing him in the prison medical clinic. This allegation meets the first prong of the Eighth Amendment test.

The Court finds that Chavez has also sufficiently alleged the requisite culpable state of mind on the part of Dorsey, Pennycuff, and Rodriguez. The second element of the Eighth Amendment claim is a "subjective" not an "objective" one; that is, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer, 511 U.S. at 837.

6

1. Dorsey

With regard to Defendant Dorsey, Chavez alleges that Dorsey knew that the unit in which Chavez was housed at TCDF was unsafe for a protective custody inmate and did not provide adequate personnel for his safety, and also knew that the general population inmates would harass and threaten Chavez and would attempt to break into his unit; however, he did nothing to protect Chavez. He also alleges that he advised Dorsey of these threats to his life and requested housing in a more secure unit, but Dorsey took no action, in spite of the fact that there were more secure units available. Chavez asserts further that Dorsey ordered that the law library be moved from the secure education department into the main hallway, knowing that the general population inmates, who had access to the library in its new location, would attack Chavez there if given the chance to do so, and that this action constitutes deliberate indifference to Chavez's safety.

These allegations are sufficient to state a claim against Dorsey under the Eighth Amendment, as they indicate that Dorsey was aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and that Dorsey actually drew the inference.

2. Pennycuff

Chavez includes Pennycuff in the allegations of "showcasing" and rejecting Chavez's requests to move the protective custody unit to a more secure location, knowing that these actions would subject Chavez to threats and attempted assaults. In addition, Chavez alleges that he notified Pennycuff by way of the grievance procedure that the law library was unsafe due to contact between general population and protective custody inmates, but Pennycuff did not respond to the grievance. The failure to respond to a grievance does not necessarily constitute deliberate indifference; however, as was true with Defendant Dorsey, the allegations of showcasing and failure to provide adequate

7

protection, with knowledge of the danger to Chavez, are sufficient to allege personal involvement and to state a cause of action against Pennycuff under the Eighth Amendment.

### 3. Rodriguez

Chavez's complaint against Rodriguez is that he advised Rodriguez of the first assault in the library and requested an investigation and beefed-up security for the library, and that although Rodriguez requested the names of the inmates who committed the first assaulted against Chavez, he did not follow through with an investigation and failed to provide the necessary security. This allegation is very close to alleging negligence rather than deliberate indifference, but the Court finds it sufficient to survive a motion to dismiss. Chavez's allegations meet the pleading requirement that Rodriguez was aware of facts implicating a substantial risk to Chavez and drew the inference that Chavez was in danger but did nothing about it, in that Chavez alleges Rodriguez was advised of threats and asked for the names of persons posing a danger so that he could investigate, and thereafter failed conduct any investigation.

### 4. John Doe Defendants

Chavez also includes two John Doe defendants in his claims against the CCA Defendants. He states that "John Doe, Sergeant Baca" and "John Doe, Sergeant A. Jaramillo" took photographs of his injuries at the TCDF medical clinic following the second assault against Chavez in the law library. He states further that these two defendants were responsible for keeping the library secure and assigning an officer to monitor the law library while protective custody inmates were there.

Although Chavez uses the words "deliberate indifference" to describe the actions of Baca and Jaramillo, his allegation is essentially one of negligence, which is not sufficient to sustain an Eighth Amendment claim. "[O]nly the unnecessary and wanton infliction of pain implicates the Eighth

8

Amendment." Farmer, 511 U.S. at 834.  "Deliberate indifference as contemplated to support claims based on inmate attacks . . . is a state of mind more blameworthy than negligence . . . [internal punctuation omitted]." Benglen v. Zavaras, 7 F. Supp. 2d 1171, 1175 (D. Colo. 1998), *quoting from* Farmer, 511 U.S. at 835.  An official must know of an excessive risk of harm to the inmate, in order to meet the "deliberate indifference" test; it is not enough to show that the official should have known of the risk.  Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998).  Chavez's claims against Baca and Jaramillo do not rise to the level of deliberate indifference.  Chavez's claims against these two John Doe defendants will be dismissed.

The Court takes no position on the merits of Chavez's claims against Defendants Dorsey, Pennycuff, and Rodriguez, but holds merely that Chavez has made sufficient allegations to avoid dismissal.  He is, of course, still charged with the burden of proving his allegations.

C. Intentional Infliction of Emotional Distress

In Count Three of his complaint, Chavez alleges that the actions of all Defendants, including those from CCA, were extreme, outrageous, intentional, or done in reckless disregard of his mental health, and that he has suffered emotional injury therefrom.

In order to recover under a cause of action for intentional infliction of emotional distress under New Mexico law, the plaintiff must show that the tortfeasor's conduct was extreme and outrageous under the circumstances, that the tortfeasor acted intentionally or recklessly, and that as a result of the conduct the claimant experienced severe emotional distress.  Coates v. Wal-Mart Stores, 127 N.M. 47, 57, 976 P.2d 999, 1009 (1999).  Liability arises only where the conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.  Dominguez v. Stone,

9

97 N.M. 211, 214, 638 P.2d 423, 427 (Ct. App. 1981). Andrews v. Stallings, 119 N.M. 478, 491, 892 P.2d 611, 624 (Ct. App. 1995).

In order to recover under this cause of action, the plaintiff must show that his emotional distress was reasonable and justified under the circumstances; there is no liability where the plaintiff suffered exaggerated and unreasonable distress, unless it results from a peculiar susceptibility of which the actor had knowledge. Dominguez, 97 N.M. at 215. "By 'severe' we intend that 'a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances.'" Jaynes v. Strong-Thorne Mortuary, Inc., 124 N.M. 613, 618, 954 P.2d 45, 50 (1997).

Plaintiff's allegations do not meet these standards. The fact that Chavez stated a claim against Dorsey, Pennycuff, and Rodriguez for deliberate indifference under the Eighth Amendment does not mean that the same allegations also state a cause of action under New Mexico law for intentional infliction of emotional distress. The state of mind necessary for a deliberate indifference claim is "more blameworthy than negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835.

The Court does not find that the conduct alleged – failure to provide secure protective custody housing and to fully staff the law library to prevent assaults – meets the test under New Mexico law for a claim of intentional infliction of emotional distress: conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." Dominguez, 97 N.M. at 214. As Defendants point out in their briefing, life as a protective custody inmate is not always easy, pleasant, or comfortable, and Defendants are not liable under this particular tort unless their actions

10

were essentially malicious and atrocious and rendered Chavez's life intolerable. Plaintiff's allegations do not rise to this level. The claim against the CCA Defendants for intentional infliction of emotional distress will be dismissed.

### D. Punitive Damages

Among his requests for relief, Chavez seeks punitive damages. Defendants seek dismissal of this portion of the prayer, arguing that Chavez has not alleged the requisite evil motive or callous indifference to his constitutional rights.

Punitive damages are available in a § 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 103 S. Ct. 1625, 1640 (1983). The issue is whether Defendants' actions call for deterrence and punishment over and above that provided by compensatory awards. Jolivet v. Deland, 966 F.2d 573, 577 (10th Cir. 1992), *quoting from* Farmer, 511 U. S. at 54. The Court finds that the conduct of Defendants Dorsey, Pennycuff, and Rodriguez as alleged in Chavez's complaint, while perhaps not rising to the level of evil motive or intent, is sufficient to support an award of punitive damages under the "reckless or callous indifference" standard. The motion to dismiss the claim for punitive damages against these Defendants will therefore be denied.

## **Recommended Disposition**

1. That CCA Defendants' Motion to Dismiss [Doc. 17] be granted in part, to the extent that the claims for intentional infliction of emotional distress against all CCA Defendants, and the claims against John Doe Defendants Baca and Jaramillo as set forth in paragraph 33 and Count Two of plaintiffs' complaint, be dismissed with prejudice; and

11

    2.  That the motion be denied in part, as Plaintiff has stated a valid claims against Defendants Dorsey, Pennycuff, and Rodriguez for failure to protect and for punitive damages.

<em>/s/ Lorenzo F. Garcia</em><br>
Lorenzo F. Garcia<br>
United States Magistrate Judge