IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY CHAVEZ,

        Plaintiff,

vs.                                     No. CIV 00-92 WJ/LFG

ROBERT PERRY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME,
## AND DENYING PLAINTIFF'S MOTION TO STRIKE

THIS MATTER comes before the Court on Plaintiff Henry Chavez's ("Chavez") Motion for Enlargement of Time to File a Reply [Doc. 141], and Chavez's Motion to Strike Wackenhut Defendants' Response to Plaintiff's Motion for Leave to File First Amended Complaint [Doc. 146]. For the reasons given below, the motion for enlargement of time is granted, and the motion to strike the Wackenhut defendants' response is denied.

On August 8, 2002, Chavez filed a Motion and Memorandum of Law for Leave to File First Amended Complaint for Damages for Deprivation of Civil Rights and Supplemental State Law Claims [Doc. 133]. Three responses to this motion were filed. Defendants Dorsey, Pennycuff and Rodriguez ("the CCA Defendants") filed their response on August 22, 2002 [Doc. 136]; former Defendants Serna and Martinez filed their response on August 23, 2002 [Doc. 137], and Defendants Williams, Snedeker, Hertzog, Mitton, and Rye ("the Wackenhut Defendants") filed their response [Doc. 140] on September 9, 2002.

On September 16, 2002, Chavez filed a motion [Doc. 141] for enlargement of time to file a reply.  In this motion, he argued, as he has on previous occasions in the course of this litigation, that Defendants have continually interfered with his access to the courts by confiscating his legal materials, including personal copies of case law and legal books, and by refusing to provide writing paper.

Former Defendants Serna and Martinez, who have been dismissed from this case but whom Chavez seeks to bring back in by means of his First Amended Complaint, filed a response to the motion for enlargement of time, arguing *inter alia* that Chavez's motion for enlargement of time is untimely.

Chavez's motion to amend was filed on August 8, 2002.  The responses from the CCA Defendants, and from Serna and Martinez, were timely filed under D.N.M.LR-Civ. 7.6 and Fed. R. Civ. P. 6.  The Wackenhut Defendants' response was untimely.  The latest timely response was filed and served on August 23, 2002 [Doc. 137 and certificate of service attached thereto].

The Court does not resolve the question of whether Chavez's motion for an extension was timely.  It appears from the record that Chavez served the motion within the fourteen-plus-three day time period provided in D.N.M.LR-Civ. 7.6(a) and Fed. R. Civ. P. 6(e), as he states in his certificate of service that he mailed the motion on September 9, 2002, the last day of that period.

Serna and Martinez assert in their response that the copy of the motion mailed to them by Chavez was not postmarked until September 12, which would have put it outside the time period for service.  The Court cannot verify this assertion, however, as they did not attach an authenticated copy of the postmarked envelope.  What is clear is that Chavez's motion for extension was not received by the Court and filed with the Clerk until September 16, 2002.  This fact, in combination with the postmark date on Serna and Martinez's copy, would seem to belie the certification that service was

made on September 9, but the Court cannot make that assumption without further evidence.

It is apparent, however, that regardless of when it was served, the motion was not filed until September 16, 2002 and the Local Rule requires that a motion for extension be filed, not merely served, within the 14-day period. D.N.M.LR-Civ. 7.6(a) ("the party seeking the extension must file a separate motion within the applicable 14-day period"). Even adding the three-day period provided in Fed. R. Civ. P. 6(e) onto the 14-day period, the motion for extension was clearly not filed within the "applicable" period.

Given these circumstances, the Court could choose in its discretion to deny as untimely the motion for extension of time. However, in the interests of receiving the benefit of full briefing in this matter, the Court will allow Chavez's motion for enlargement and will grant an extension of two weeks. For the same reason, the Court will deny Chavez's motion to strike the Wackenhut Defendants' response, even though it was unquestionably served and filed out of time.

The Court explicitly declines to base this ruling on Chavez's allegations that he was denied access to legal materials and denied writing paper. The lengthy references to issues of writing paper and legal materials, in Chavez's motion and in his reply [Doc. 149], will be stricken.

The Court takes judicial notice, from the frequent and lengthy filings from Chavez in this matter, that he has access to writing paper and writing implements. In addition, Chavez acknowledged in an earlier pleading that most of his legal materials were returned to him. *See*, Doc. 134, at 2. A claim of denial of access to the courts requires "relevant actual injury," <u>Lewis v. Casey</u>, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180 (1996); and in any case the right of access by prisoners does not extend beyond the initial pleading stage, in habeas corpus or civil rights actions. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 576, 94 S. Ct. 2963, 2984 (1974); <u>Nordgren v. Milliken</u>, 762 F.2d 851,

3

855 (10th Cir. 1985); Bee v. Utah State Prison, 823 F.2d 397, 398 (10th Cir. 1987).

Furthermore, Chavez has been notified twice before that these allegations are not appropriately brought in this litigation. In its Memorandum Opinion and Order [Doc. 100], filed February 5, 2002, the Court denied Chavez's earlier filing, construed as a motion for leave to file a supplemental complaint, in which he requested relief from the Court with regard to his legal materials, among other things. In that order, the Court directed the Clerk to send Chavez a form § 1983 complaint with instructions, if he wished to file a separate lawsuit raising these issues, as they were not properly brought as part of this case.

In addition, in its order [Doc. 126], filed July 5, 2002, the Court denied Chavez's motion for a temporary restraining order and preliminary injunction in connection with his complaints regarding legal materials, paper, writing instruments, and charges for photocopies. The Court held that these claims were not part of this lawsuit and informed Chavez that, if he wished to assert these causes of action, he would have to do so in a separate action. Any future attempts by Chavez to bring such claims in the context of this suit will be stricken.

## Order

IT IS THEREFORE ORDERED that Plaintiff's Motion for Enlargement of Time to File a Reply [Doc. 141] is granted, and he will have until November 1, 2002, to file a reply in support of his motion to amend the complaint.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Wackenhut Defendants' Response [Doc. 146] is denied.

_____
Lorenzo F. Garcia
United States Magistrate Judge

4